UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:24-cr-240-VMC-AAS

JERMONTE JEROME THORNTON
_____/

**ORDER**

This matter comes before the Court pursuant to the United States of America's "Notice pursuant to Federal Rule of Evidence 404(b) and Motion for Pretrial Determination of Admissibility." (Doc. # 45). Defendant Jermonte Jerome Thornton has responded in opposition. (Doc. # 70). For the reasons that follow, the Motion is granted.

**Discussion**

Thornton is charged with being a felon in possession of a firearm and ammunition. (Doc. # 1). His arrest arose as a result of a traffic stop of a vehicle he was driving in January 2024.

On December 20, 2024, the government filed its "Notice pursuant to Federal Rule of Evidence 404(b) and Motion for Pretrial Determination of Admissibility," seeking admission under Rule 404(b) evidence of: (1) the certified judgment of Thornton's prior convictions for felon in possession of a

1

firearm and carrying concealed firearm and (2) Thornton's statement regarding being on probation for that prior felon in possession of a firearm conviction. (Doc. # 45). Thornton has now responded, arguing that "[a]dmission of Mr. Thornton's prior conviction would be more prejudicial than probative as a jury would rely on that prior conviction to determine he has a propensity and if he committed a similar crime that he is guilty of the current allegation." (Doc. # 70 at 4).

Based on a review of the merits, the Court grants the Motion. The certified judgment and Thornton's statement regarding his probation are admissible evidence that go to knowledge and intent under Rule 404(b).

Even if the fact of a prior conviction is stipulated to for purposes of proving status as a felon, evidence of the conviction may nevertheless be admissible under Rule 404(b) if it serves a purpose beyond proving status. See Old Chief v. United States, 519 U.S. 172, 190 (1997) ("[I]f, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (*i.e.,* to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' Fed. Rule Evid. 404(b)), Rule 404(b) guarantees the opportunity to

seek its admission."). To be admissible under Rule 404(b), "[f]irst, the evidence must be relevant to an issue other than the defendant's character." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation omitted), abrogated in part on other grounds by Rehaif v. United States, 588 U.S. 225 (2019). "Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." Id. (citation omitted). "Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." Id. (citation omitted).

Here, all three requirements are met. The evidence of Thornton's prior convictions and his statement about his probation are relevant to his intent to possess the weapon in this case and his knowledge of the weapon's presence in the vehicle. Indeed, it appears that knowledge of the weapon and intent to possess will be major disputed issues at trial.

As to the second requirement, the certified copy of the judgment for Thornton's prior convictions is sufficient proof that Thornton committed the crimes of which he was convicted. See United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof

3

that he committed the prior act."), holding modified by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998). Likewise, there will be sufficient testimonial evidence at trial as to Thornton's statement that he was on probation for the prior felon in possession conviction.

Finally, the probative value of Thornton's prior convictions and statement are not outweighed by the risk of undue prejudice. "[T]his determination lies within the sound discretion of the district judge and calls for a 'common sense assessment of all the circumstances surrounding the extrinsic offense,' including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." Id. (citation omitted).

The Court agrees with the government that "[t]he probative value of the prior offenses is significant to support Thornton's knowledge of the firearm as opposed to his DNA being found on the gun due to transference from the passenger," considering that the offense charged is the same for which he was previously convicted. (Doc. # 45 at 5); see Jernigan, 341 F.3d at 1281 ("[T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a

4

subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)."); United States v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991) (reasoning that prior firearm convictions were admissible to show that the defendant "was aware of the dangers of and law relating to concealed weapons and rebut [his] claim that the gun was for an innocent purpose and its presence was mere accident or coincidence"). Also, the prior conviction and the offense charged are separated by about five years, so the prior convictions are not too remote to be probative. See Calderon, 127 F.3d at 1332 ("We are also of the opinion that the six year span between Iglesias' prior convictions and the conduct upon which the present charges are based does not render the 1982 conviction too remote for proper consideration."). Finally, "Thornton's knowledge of the firearm is likely to be the central issue at trial" (Doc. # 45 at 5), which supports the probative value of the prior convictions and the government's need to address this issue.

While the specified evidence should be admitted, the Court intends to give a limiting instruction at trial. See United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007) ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was

5

mitigated by the district court's limiting instruction to the jury. Thus, the probative value of the evidence in question was not substantially outweighed by undue prejudice." (citation omitted)); Calderon, 127 F.3d at 1333 ("[A]ny unfair prejudice that may have existed was mitigated by the district judge's limiting instruction.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The United States of America's "Notice pursuant to Federal Rule of Evidence 404(b) and Motion for Pretrial Determination of Admissibility" (Doc. # 45) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of January, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE